**FILED**
CLERK, U.S. DISTRICT COURT

4/01/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ asi _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>              v.<br><br>ANTONIO DEJESUS PAZ,<br>  aka "Cali,"<br>  aka "Tony,"<br>  aka "Big Tony,"<br>  aka "Jesus Antonio De Paz,"<br><br>              Defendant. | CR  2:25-cr-00229-HDV<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), (b)(1)(B)(viii), (b)(1)(C): Possession with Intent to Distribute Fentanyl, Methamphetamine, and Cocaine; 18 U.S.C. § 924(c)(1)(A)(i): Possessing Firearms in Furtherance of Drug Trafficking Crimes; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about April 19, 2023, in Los Angeles County, within the Central District of California, defendant ANTONIO DEJESUS PAZ, also known as ("aka") "Cali," aka "Tony," aka "Big Tony," aka "Jesus Antonio De Paz," knowingly and intentionally possessed with intent to

distribute at least forty grams, that is, approximately 327.72 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about April 19, 2023, in Los Angeles County, within the Central District of California, defendant ANTONIO DEJESUS PAZ, also known as ("aka") "Cali," aka "Tony," aka "Big Tony," aka "Jesus Antonio De Paz," knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 37.76 grams, of methamphetamine, a Schedule II controlled substance.

3

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about April 19, 2023, in Los Angeles County, within the Central District of California, defendant ANTONIO DEJESUS PAZ, also known as ("aka") "Cali," aka "Tony," aka "Big Tony," aka "Jesus Antonio De Paz," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

Prior to committing the offense alleged in this Count, defendant PAZ had been finally convicted of a felony drug offense as that term is defined and used in Title 21, United States Code, Sections 802(44), 841, and 851, namely:

1. On or about March 26, 2019, in the Superior Court for the State of California, County of Los Angeles, Case Number TA148396, defendant PAZ was convicted of possession of a controlled substance for sale, in violation of California Health and Safety Code Section 11378; and

2. On or about March 6, 2020, in the Superior Court for the State of California, County of Orange, Case Number 20WF0606, defendant PAZ was convicted of transportation or sale of a controlled substance, in violation of California Health and Safety Code Section 11352(a).

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about April 19, 2023, in Los Angeles County, within the Central District of California, defendant ANTONIO DEJESUS PAZ, also known as ("aka") "Cali," aka "Tony," aka "Big Tony," aka "Jesus Antonio De Paz," knowingly possessed the following firearms in furtherance of drug-trafficking crimes, namely: Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count One of this Indictment; Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count Two of this Indictment; and Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment:

1.    A Smith & Wesson, model M&P 9 Shield EZ M2.0, 9mm caliber semi-automatic pistol, bearing serial number RFD9486; and

2.    An HS Produkt (Springfield Armory), model Hellcat, 9mm caliber semi-automatic pistol, bearing serial number BA728832.

5

COUNT FIVE

[18 U.S.C. § 922(g)(1)]

On or about April 19, 2023, in Los Angeles County, within the Central District of California, defendant ANTONIO DEJESUS PAZ, also known as ("aka") "Cali," aka "Tony," aka "Big Tony," aka "Jesus Antonio De Paz," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1.    A Smith & Wesson, model M&P 9 Shield EZ M2.0, 9mm caliber semi-automatic pistol, bearing serial number RFD9486;

2.    An HS Produkt (Springfield Armory), model Hellcat, 9mm caliber semi-automatic pistol, bearing serial number BA728832;

3.    Twenty-four rounds of Lake City 5.56 caliber ammunition;

4.    Ten rounds of Sellier & Bellot 5.56 caliber ammunition;

5.    Twenty rounds of Hornady .22 WMR caliber ammunition;

6.    Twenty-five rounds of CCI .22 WMR ammunition; and

7.    One hundred and forty-three rounds of Aguila .22 LR caliber ammunition.

Defendant PAZ possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes punishable by a term of imprisonment exceeding one year:

1.    Carrying a Loaded Firearm in Public, in violation of California Penal Code Section 25850(a), in the Superior Court for the State of California, County of Los Angeles, Case Number TA141284, on or about October 3, 2016;

2.    Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior

Court for the State of California, County of Los Angeles, Case Number TA148396, on or about March 26, 2019; and

3.     Transportation or Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court for the State of California, County of Orange, Case Number 20WF0606, on or about March 6, 2020.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One, Two, or Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

8

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Four or Five of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

///

///

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
 Section

BRANDON E. MARTINEZ-JONES
Assistant United States Attorney
Violent and Organized Crime
 Section

2