BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LAUREN E. BORDER (Cal. Bar No. 327770)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8231
     Facsimile: (213) 894-0141
     E-mail:     lauren.border@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA,

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00229-HDV |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ANTONIO DEJESUS PAZ |
| v. | |
| ANTONIO DEJESUS PAZ,<br>    aka "Cali,"<br>    aka "Tony,"<br>    aka "Big Tony,"<br>    aka "Jesus Antonio De Paz," | |
| Defendant. | |

1.   This constitutes the plea agreement between ANTONIO DEJESUS PAZ, also known as ("aka") "Cali," aka "Tony," aka "Big Tony," aka "Jesus Antonio De Paz," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count two and count five of the indictment in United States v. Antonio DeJesus Paz, Case No. 2:25-cr-00229-HDV, which charge defendant with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1).

b.   Recommend that defendant be sentenced to a term of imprisonment of no less than 96 months, and not seek, argue for, or suggest in any way, either orally or in writing, that the Court impose a term of imprisonment below 96 months.

c.   Not contest facts agreed to in this agreement.

d.   Abide by all agreements regarding sentencing contained in this agreement.

e.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

f.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

g.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

h.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.   Defendant further agrees:

2

a.    To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, (1) a Smith & Wesson, model M&P 9 Shield EZ M2.0, 9mm caliber semi-automatic pistol, bearing serial number RFD9486; (2) an HS Produkt (Springfield Armory), model Hellcat, 9mm caliber semi-automatic pistol, bearing serial number BA728832; (3) twenty-four rounds of Lake City 5.56 caliber ammunition; (4) ten rounds of Sellier & Bellot 5.56 caliber ammunition; (5) twenty rounds of Hornady .22 WMR caliber ammunition; (6) twenty-five rounds of CCI .22 WMR ammunition; and (7) one hundred and forty-three rounds of Aguila .22 LR caliber ammunition (collectively, the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

d.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of

himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A) and/or requirements of the Government to commence forfeiture actions pursuant to 18 U.S.C. § 924(d)(1).

f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

g.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Assets to the extent defendant has the ability to do so.

i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.  With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the

forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.  Defendant further agrees that he may be treated as if he had been convicted of the dismissed charges for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of each charge, except for Count Four (18 U.S.C. § 924(c)(1)(A)(i)).  Defendant waives the right to challenge the sufficiency of the factual basis as to any element of any dismissed charge, except for Count Four (18 U.S.C. § 924(c)(1)(A)(i)).

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

5

NATURE OF THE OFFENSE

5.    Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), the following must be true: (1) defendant knowingly possessed any controlled substance; and (2) defendant possessed it with the intent to distribute it to another person.  It does not matter whether the defendant knew that the substance was methamphetamine.  It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

6.    Defendant understands that for defendant to be guilty of the crime charged in count five, that is, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1), the following must be true: (1) Defendant knowingly possessed a firearm/ammunition; (2) the firearm/ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearm/ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm/ammunition, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

7.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that defendant possessed at least five grams of methamphetamine.  Defendant admits that defendant, in fact, possessed at least five grams of methamphetamine.

6

PENALTIES

8.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), is: 40 years' imprisonment; a lifetime of supervised release; a fine of $5,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

9.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 922(g)(1), is: 15 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 55 years' imprisonment; a lifetime period of supervised release; a fine of $5,250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $200.

11.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), as charged in count two, is: five years' imprisonment, followed by a four-year period of supervised release, and a mandatory special assessment of $100.

12.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised

7

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.    Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

14.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

15.    Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported

8

from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

16.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 18 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about April 19, 2023, in Los Angeles County, within the Central District of California, defendant knowingly possessed with intent to distribute the following controlled substances: (1) at least 40 grams, that is, approximately 327.72 grams, of a mixture and substance containing a detectible amount of fentanyl; (2) at least five grams, that is, approximately 37.76 grams, of methamphetamine,

9

and (3) approximately 1.99 grams of a mixture and substance containing a detectable amount of cocaine.

Additionally, on or about April 19, 2023, in Los Angeles County, within the Central District of California, defendant, a convicted felon, knowingly possessed a 9mm caliber semi-automatic pistol, bearing serial number RFD9486.  Prior to April 19, 2023, this firearm had been shipped or transported in interstate or foreign commerce and recovered in Los Angeles County, California.  At the time defendant knowingly possessed the firearm, he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Carrying a Loaded Firearm in Public, in violation of California Penal Code Section 25850(a), in the Superior Court for the State of California, County of Los Angeles, Case Number TA141284, on or about October 3, 2016;

2. Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number TA148396, on or about March 26, 2019; and

3. Transportation or Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court for the State of California, County of Orange, Case Number 20WF0606, on or about March 6, 2020.

At the time defendant knowingly possessed the firearm in this case, he knew that he was convicted of a crime punishable by a term of imprisonment exceeding one year.

SENTENCING FACTORS

17.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

18.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:        30     U.S.S.G. § 2D1.1(a)(5), (c)(5)
Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  The USAO specifically reserves the right to argue that a +2 enhancement applies for possession of a dangerous weapon pursuant to U.S.S.G. § 2D1.1(b)(1). Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

19.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

11

20.    Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), subject to the limitation on defendant not being permitted to argue for less than 96 months' imprisonment as enumerated in paragraph 2(b) above.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

21.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary, have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

12

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

22.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

23.   Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24.   Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 26 and the criminal history category calculated by

13

the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 26 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

26.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to

14

pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

29.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to

15

factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

BREACH OF AGREEMENT

30. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

31. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

32. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of

17

sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

34.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

NO ADDITIONAL AGREEMENTS

35.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

36.    The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
First Assistant United States
Attorney

/s/ Lauren E. Border                          11/20/2025

LAUREN E. BORDER                              Date
Assistant United States Attorney



ANTONIO DEJESUS PAZ                           11-19-25
Defendant                                     Date



KYRA NICKELL                                  11-19-25
Deputy Federal Public Defender                Date
Attorney for Defendant
ANTONIO DEJESUS PAZ


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or

at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     _11-19-25_____
ANTONIO DEJESUS PAZ                  Date
Defendant


CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ANTONIO DEJESUS PAZ'S attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

20

forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Kyra Nickell_                                    11-19-25
KYRA NICKELL                                      Date
Deputy Federal Public Defender
Attorney for Defendant
ANTONIO DEJESUS PAZ